The STATE of Ohio, Appellant,

v.

O'NEAL, Appellee.

[Cite as *State v. O'Neal* (1996), 114 Ohio App.3d 335.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15354.

Decided Sept. 27, 1996.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Laura G. Ulrich*, Assistant Prosecuting Attorney, for appellant.

*Timothy Young*, Montgomery County Assistant Public Defender, for appellee.

KERNS, Judge.

The defendant, Walter A. O'Neal, was indicted for the possession of cocaine in violation of R.C. 2925.11(A), which simply provides that "no person shall knowingly obtain, possess, or use a controlled substance."

Prior to trial, the parties stipulated that the state's case was based entirely upon "0.02 gram of a chunky white substance" which was analyzed and found to contain cocaine by the Miami Valley Regional Crime Laboratory.

Subsequently, the defendant filed a motion to dismiss the indictment on the ground that the small amount of cocaine found on him was insufficient as a matter of law to sustain the "knowingly" element of the possession charge, and in a written decision, entered by the common pleas court on June 16, 1995, the motion to dismiss was sustained.

In the present appeal, the state has set forth its only assignment of error as follows:

"The trial court erred in granting defendant's motion to dismiss based on the insufficiency of the evidence as to an essential element of the offense, when such a factual determination is properly decided at trial."

At the outset, it is perhaps worthy of note that the only issue of any consequence in this appeal is essentially one of procedure.

Here, O'Neal was charged with possession of a white, chunky substance which tested positive for cocaine in an indictment which contains all of the necessary elements of the crime of drug abuse. Hence, the summary dismissal of the charge, without more, was inappropriate. *State v. Heebsh* (1992), 85 Ohio App.3d 551, 620 N.E.2d 859. Only matters capable of determination without the trial of the general issue may be raised by pretrial motions. Crim.R. 12(B).

In the case of *State v. McNamee* (1984), 17 Ohio App.3d 175, 17 OBR 306, 478 N.E.2d 843, where a comparable procedural question was presented, the court bluntly stated that "the issue as to the legal sufficiency of the evidence in a criminal prosecution is not properly raised by a pretrial motion." And later, in *State v. Patterson* (1989), 63 Ohio App.3d 91, 95, 577 N.E.2d 1165, 1167, this court commented upon a motion to dismiss charges as follows:

"[A] motion to dismiss charges in an indictment tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either the state or the defendant. * * * The proper determination was whether the allegations contained in the indictment made out offenses under Ohio criminal law. If they did, it was premature to determine, in advance of trial, whether the state could satisfy its burden of proof with respect to those charges."

Likewise, in the present case, the motion to dismiss the charges was premature, and a motion designed to test whether O'Neal "knowingly" possessed the small amount of cocaine found on him must await its proper turn at another time and place.

Accordingly, the judgment is reversed, and the cause is remanded to the common pleas court for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

BROGAN, P.J., and GRADY, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.