OPINION
Plaintiff-appellant, the state of Ohio, appeals from a decision of the Butler County Area I Court dismissing a charge of importuning against defendant-appellee, Charles G. Carpenter. We reverse.
On August 6, 1997, Carpenter was arrested and issued a criminal complaint for importuning in violation of R.C. 2907.07(B).[1]
The complaint alleged that Carpenter passed "a note soliciting fellatio from a male." A police report attached to the complaint contained the following statement of facts which are not disputed by the parties:
 At approximately 1325 pm 08-06-97 I was on plainclothes surveillance detail at Shriver Center. Due to complaints from building staff and a prior arrest (* * *), I was watching the men's restroom * * * I observed a white male, later identified as Charles Carpenter, enter the restroom. After a couple of minutes I walked into the restroom and found Carpenter in one of the stalls. I entered the adjacent stall and sat down. Within a few seconds, I observed a piece of toilet paper with a pen attached emerging under the divider from the adjacent stall. I took the pen and paper and read a message that said, "I like to suck." I wrote "suck what?" and handed the note back under the divider. After a few seconds the pen and paper were returned. The response to my message read, "your dick." I kept the piece of paper and ordered the adjacent occupant [Carpenter] to exit from the stall.
On August 13, 1997, Carpenter entered a plea of not guilty and a demand for a jury trial. On September 9, 1997, Carpenter filed a "motion to dismiss." Carpenter asserted that R.C. 2907.07(B) violated the Equal Protection Clauses of the Ohio and United States Constitutions. In addition, Carpenter asserted that the state could not prove all the elements of importuning. Specifically, Carpenter argued that the state could not prove that the message on the toilet paper constituted "fighting words," and that Carpenter knew that his solicitation was offensive to the officer or was reckless in that regard. On January 16, 1998, the trial court issued a decision granting Carpenter's motion to dismiss. The trial court found that Carpenter was not guilty of importuning because the language he used in his solicitation did not constitute "fighting words."
On appeal, the state presents two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION TO DISMISS.
Assignment of Error No. 2:
 THE TRIAL COURT WAS WITHOUT JURISDICTION TO ENTER A FINDING OF NOT GUILTY IN THE ABSENCE OF A WAIVER OF JURY AND EITHER A TRIAL ON THE MERITS OR NO CONTEST PLEA BY DEFENDANT-APPELLEE.
In the first assignment of error, the state asserts that the trial court erred procedurally by granting appellant's motion to dismiss. A motion to dismiss in the criminal context can only raise matters that are capable of determination without a trial of the general issue. Crim.R. 12(B); State v. O'Neal (1996),114 Ohio App.3d 335, 336. Thus, the legal sufficiency of the evidence in a criminal prosecution is not properly raised and challenged by a pretrial motion. O'Neal at 336; State v. Heebsh (1992),85 Ohio App.3d 551, 556. Instead, a motion for acquittal brought pursuant to Crim.R. 29 at the close of the state's case is the proper procedure for challenging the sufficiency of the evidence in a criminal prosecution. State v. Daily (Jan. 15, 1998), Athens App. No. 97CA25, unreported, citing State v. Varner (1991),81 Ohio App.3d 85. A pretrial motion to dismiss only challenges the sufficiency of the charging instrument and whether the allegations contained therein are sufficient to make out a criminal offense "`without regard to the quantity or quality of evidence that may be produced by either the state or the defendant.'" O'Neal at 336, quoting State v. Patterson (1989),63 Ohio App.3d 91, 95.
In granting Carpenter's motion to dismiss on the basis that his solicitation of the officer did not constitute "fighting words," the state argues that the trial court prematurely evaluated the sufficiency of the evidence to support a conviction for importuning. In State v. Phipps (1979), 58 Ohio St.2d 271, paragraph one of the syllabus, the Supreme Court of Ohio held that R.C. 2907.07(B) could only be upheld as constitutional to the extent that it proscribed the "fighting words" category of unprotected speech:
 Under R.C. 2907.07(B), persons may not be punished for "solicit[ing] a person of the same sex to engage in sexual activity with the offender, when the offender knows such solicitation is offensive to the other person, or is reckless in that regard," unless the solicitation, by its very utterance, inflicts injury or is likely to provoke the average person to an immediate retaliatory breach of the peace.
In order to determine whether a solicitation constitutes "fighting words," a trial court must examine the circumstances surrounding the solicitation. State v. Presley (1992), 81 Ohio App.3d 721,724, citing Lewis v. New Orleans (1974),415 U.S. 130, 94 S.Ct. 970.
In granting Carpenter's motion to dismiss, the trial court relied upon State v. Perrin (M.C. 1991), 62 Ohio Misc.2d 51. In Perrin, the defendant pled no contest to a charge of importuning. Based upon the stipulated facts, the municipal court found that the defendant's conduct and solicitation did not constitute "fighting words." Perrin at 54. Accordingly, the municipal court found that defendant was not guilty of importuning. Id.
In the present case, the trial court's reliance on Perrin was misplaced. The defendant in Perrin pled no contest to importuning. Thus, the trial judge could make a finding of not guilty if the explanation of circumstances was insufficient to support a finding that the defendant's solicitation constituted "fighting words", an essential element of the offense. See R.C.2937.07; Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, 150. In contrast, since Carpenter pled not guilty and demanded a jury trial,[2] the question of whether the state can prove beyond a reasonable doubt that Carpenter's solicitation constituted "fighting words" is part of the general issue that must be determined at trial. See State v. Elam (Oct. 17, 1991), Cuyahoga App. No. 59132, unreported. Accordingly, the trial court erred by granting Carpenter's pretrial motion to dismiss based upon the sufficiency of the state's evidence that Carpenter's solicitation constituted "fighting words." The state's first assignment of error is sustained, and the trial court's decision dismissing the importuning charge against Carpenter is reversed.
The state's second assignment of error is rendered moot by our decision on the first assignment of error, and therefore, need not be reviewed by this court. App.R. 12(A). The decision of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
YOUNG, P.J., and WALSH, J., concur.
[1] R.C. 2907.07(B) states that "no person shall solicit a person of the same sex to engage in sexual activity with the offender, when the offender knows such solicitation is offensive to the other person, or is reckless in that regard."
[2] The trial court's decision granting Carpenter's motion to dismiss stated that Carpenter pled no contest and found that he was not guilty. However, the record only contains a plea of not guilty and a statement of proceedings subsequently entered in the record pursuant to App.R. 9(C) indicates that Carpenter never pled no con-test.