I respectfully dissent from the decision of the majority, and would instead sustain the assignment of error and reverse the trial court's order dismissing counts two through six of the indictment.
The case was before the court on a motion in limine, in which Defendant asked the court to exclude evidence the State intended to introduce because the evidence is irrelevant to the charges against her. A liminal order is a form of protective order, and it may issue on a finding that certain evidence is irrelevant. However, "[t]he sustaining of a motion in limine does not determine the admissibility of the evidence to which it is directed." State v. Grubb (1986), 28 Ohio St.3d 199, 201. The order is anticipatory only, and its effect is conditioned on a proper offer of the evidence at trial. Therefore, "[i]n virtually all circumstances finality does not attach when the motion is granted." Id., at p. 202.
Here, the trial court gave the effect of finality to its liminal order when it not only suppressed the evidence but dismissed the charges concerning which the State intended to offer the disputed evidence. This was a wholly improper use of the court's inherent authority to grant liminal orders. It was, in effect, a form of order that might, in proper circumstances, be granted on a Crim.R. 12(C)(2) objection alleging a defect in an indictment, which was the form of defect the court actually found.
Crim.R. 12(C) authorizes pretrial motions concerning matters "capable of determination without the trial of the general issue" of a defendant's guilt or innocence. Paragraph (2) requires motions that present "[d]efenses and objections based on defects in the indictment" to be filed prior to trial. However, and as this court has consistently held, the only issue which a Crim.R. 12(C) motion presents is whether the indictment contains all the necessary elements of the crime charged. State v. O'Neal (1996), 114 Ohio App.3d 335. We have also held that the motion cannot be used to test the quality or quantity of the evidence the State intends to introduce to prove the charge. State v. Patterson (1989), 63 Ohio App.3d 91. If it does, the motion then presents a question concerning sufficiency of the State's evidence that cannot be determined without a trial of the general issue. A pretrial order based on such a finding is premature and must be reversed. Id.; State v. Williams (Feb. 20, 1992), Clark App. No. 2813, unreported., Defendant's motion was presented as a motion in limine, but resort to the "duck test"* shows that the motion and, more importantly, the relief the trial court granted, was founded on Civ.R. 12(C)(2). The court's order dismissing the charges was wholly improper, for the reasons stated above. As several other courts have observed, its effect was to grant a motion for summary judgment for which the Ohio Rules of Criminal Procedure make no provision. State v. McNamee (1984), 17 Ohio App.3d 175; State v. Tipton (1999), 135 Ohio App.3d 227. The court may not look beyond the face of the indictment to determine a motion of that kind. Id. The court did that here when it took evidence. Further, the finding of evidentiary insufficiency on which the trial court granted relief can only be made, at the earliest, on the basis of a Crim.R. 29(A) motion for acquittal at the close of the State's case. Id.
Finally, and though we need not reach the issue, I am not convinced that the evidentiary defects the trial court found are fatal to the charges in counts two through six of the indictment, which allege illegal processing of drug documents in violation of R.C. 2925.23(A). That section prohibits knowingly making a false statement in any prescription, order, report, or record required by R.C. Chapter 3719 or 4729 to be kept. It is not necessary that the actor is a person charged by law to keep the record., Defendant's employer was charged by law to keep the record concerned because it is a terminal distributor of drugs that receives drugs. See R.C. 3719.07(B)(3),(C). The fact that Defendant's alleged false statement relates to the dispensation of drugs does not remove her act from the definition of conduct prohibited. Therefore, whether the nursing home is engaged in a "sale" of drugs to its residents is not dispositive of Defendant's guilt or innocence, though the definition of "sale" in R.C. 3719.01(A) would seem to include a nursing home's dispensation of drugs to its residents who pay a fee for that service.
Our decision to affirm the trial court's order dismissing criminal charges prior to trial on a defendant's claim of evidentiary insufficiency will encourage further improper motions of that kind and further appeals from dismissals improperly granted. It saves time in other ways, however. One is reminded of the story from the State of Georgia in which a juror, who was out of the backwoods but obviously sincere, after being seated in the jury box looked at the defendant and announced, "Yeah, I'd say he's guilty." Our decision here shows that such shortcuts can work both ways.
I would reverse.
* If it walks like a duck, and quacks like a duck, and looks like a duck, it's a duck."