OPINION
Defendant-appellant, Clyde Abercrombie, appeals his conviction and sentence in the Clermont County Court of Common Pleas for driving under the influence of alcohol. We affirm the judgment of the trial court.
On September 23, 2000, Sheila Engle observed appellant, her next door neighbor who was working outdoors, consume three or four beers. In the course of an hour, he came to her home five or six times to use her telephone. Engle could smell the odor of an alcoholic beverage on appellant's breath, and found that it was necessary for her to dial the phone for appellant because he was unable to do so on his own. She later saw him emerge from his home with a half empty twelve pack of beer, and approach his parked truck. Because she believed that he was going to drive while intoxicated, she phoned 911. She gave the 911 operator her name and address, and explained that she had observed appellant consuming beer. She informed the operator that she believed appellant was going to operate his vehicle and provided a description of appellant's truck. While Engle was speaking with the operator, she observed appellant back his truck into a telephone pole, pull forward, and back into the telephone pole once again.
Felicity Police Officer Dan Nichols responded to a dispatch which conveyed the information given by Engle. Officer Nichols was provided with appellant's name, a description of his vehicle including the make, model, color, and license plate number. He was informed that appellant was intoxicated and leaving the residence at 408 Main Street in his truck.
Officer Nichols arrived at the scene just as appellant struck the telephone pole for a second time. As Officer Nichols approached the home, he saw appellant's vehicle roll backwards onto the roadway, stopping half on the road, half on the sidewalk, before pulling forward into the driveway again. Officer Nichols stopped his vehicle in the roadway but did not activate his emergency lights or siren. As he approached appellant's vehicle on foot, appellant exited the vehicle from the driver's side. There was no one else in the vehicle. Appellant stumbled slightly as he exited the truck and used the front door for support. As he walked toward the front of the vehicle he kept one hand on the truck to steady himself.
Officer Nichols asked appellant for his driver's license, to which appellant responded, "you know I don't have one." Indeed, Officer Nichols was aware from a prior encounter with appellant that his driver's license had been suspended. Officer Nichols observed that there was a moderate odor of an alcoholic beverage about appellant, that his eyes were glassy and bloodshot, and that appellant's speech was slurred and loud. Appellant provided Officer Nichols with his social security number. Upon completing a records check, Officer Nichols discovered that there were outstanding bench warrants for appellant. Appellant refused to complete field sobriety tests, and he was arrested. Upon performing an inventory search of appellant's vehicle, Officer Nichols discovered an opened, and partially emptied, twelve pack of beer. Officer Nichols found the keys to the vehicle in the ignition. Appellant later refused to complete a breathalyzer test.
Appellant was indicted on two charges, driving under the influence of alcohol ("DUI"), in violation of R.C. 4511.19(A)(1), and driving under suspension, a violation of R.C. 4507.02(B)(1). Appellant filed a motion to suppress evidence obtained in what he alleged was an illegal stop and arrest. The motion was denied by the trial court, and the matter proceeded to trial. A jury found appellant guilty of the charged offenses and the trial court sentenced appellant to a five-year prison term on the DUI charge. Appellant appeals the DUI conviction and sentence, raising four assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FINDING THAT THE ANONYMOUS TIP MERITED AN INVESTIGATORY STOP.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FAILING TO GRANT THE MOTION TO SUPPRESS/DISMISS.
Appellant's first two assignments of error challenge legal conclusions made by the trial court in ruling on his motion to suppress/ dismiss. To facilitate our analysis, we will address them together.
A reviewing court may not disturb a trial court's decision on a motion to suppress where it is supported by competent, credible evidence. Statev. Retherford (1994), 93 Ohio App.3d 586, 592. When considering a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20. Reviewing the trial court's findings, the appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995), 100 Ohio App.3d 688, 691.
Appellant first contends that the trial court erred by finding "that the anonymous tip rose to the level of meriting an investigatory stop."
While appellant contends that the present case involves "an anonymous, uncorroborated tip," our review of the record indicates otherwise. Engle, appellant's neighbor, phoned 911 to report that appellant had been drinking beer and was presently operating a motor vehicle. She identified herself to the dispatcher by name and provided her address. She provided a complete description of appellant and his vehicle, including its license number. As well, Engle was known to Officer Nichols, as she had accurately reported criminal activity to the police in the past.
When information possessed by the police stems from an informant's tip, the determination of reasonable suspicion will be limited to an examination of the weight and reliability due that tip. Maumee v.Weisner (1999), 87 Ohio St.3d 295, 299. The court must inquire whether the tip itself has sufficient indicia of reliability to justify an investigative stop. Factors considered "highly relevant" in determining the value of a tip are the informant's veracity, reliability, and basis of knowledge. Alabama v. White (1990), 496 U.S. 325, 328,110 S.Ct. 2412, quoting Illinois v. Gates (1983), 462 U.S. 213, 230,103 S.Ct. 2317. While an anonymous informant is comparatively unreliable, requiring independent police corroboration, an identified citizen informant may be highly reliable and, therefore, a strong showing as to the other indicia of reliability may be unnecessary. Id. at 329. "[I]f an unquestionably honest citizen comes forward with a report of criminal activity — which if fabricated would subject him to criminal liability — we have found rigorous scrutiny of the basis of his knowledge unnecessary."Gates, 462 U.S. at 233-234, 103 S.Ct. at 2330.
In the present case, the citizen's tip constituted an eyewitness account of the crime. Her version of the events was not based on rumor or speculation, but rather was a firsthand report of the events as they happened. Also significant is the fact that the tip was an exact relay of the circumstances as they were occurring. The immediacy of the report lends further credibility to the accuracy of the facts being relayed, as it avoids reliance upon the informant's memory.
Taken together, these factors demonstrate that the informant's tip was trustworthy and should be accorded significant weight. The informant was an identified citizen who based her knowledge of the facts she described upon her own observations. As a result, her tip merits a high degree of credibility and value, rendering it sufficient to withstand challenge without independent police corroboration.[1] Accordingly, the dispatch based upon this tip was issued on sufficient facts to warrant an investigative stop.
Appellant next contends that the trial court "improperly determined that appellant operated the motor vehicle." Appellant's argument is that the motion to suppress/dismiss should have been granted because the state failed to demonstrate "that the Appellant was capable of operating his truck."[2]
A motion to dismiss in the criminal context can only raise matters that are capable of determination without a trial of the general issue. Crim.R. 12(C); State v. O'Neal (1996), 114 Ohio App.3d 335, 336. Such a motion only challenges the sufficiency of the charging instrument and whether the allegations contained therein are sufficient to make out a criminal offense "without regard to the quantity or quality of evidence that may be produced by either the state or the defendant." State v.Patterson (1989), 63 Ohio App.3d 91, 95. Consequently, a pretrial motion must not entail a determination of the sufficiency of the evidence to support the indictment. O'Neal at 336. Such a determination cannot properly be made until, at the earliest, the conclusion of the state's case in chief and pursuant to a Crim.R. 29(A) motion. State v. Carpenter
(Aug. 17, 1998), Butler App. No. CA98-02-034, at 4; State v. Varner
(1991), 81 Ohio App.3d 85, 86-87.
In the present case, appellant asserts that the motion to suppress should have been granted because he was not "operating" his vehicle. This issue is an element of the charged crime, which is to be determined at trial, not by a motion to dismiss. State v. O'Neal (1995),103 Ohio App.3d 151, 154. Accordingly, we find this argument to be without merit.
Appellant next contends that the trial court "improperly determined that the Appellant had received the benefit of counsel at the prior felony conviction from the Commonwealth of Kentucky." Appellant alleges that his trial counsel in the prior Kentucky DUI was ineffective, and concludes that the trial court erred by using the Kentucky felony to enhance his penalty in the present case.
When a defendant collaterally challenges a prior penalty-enhancing conviction, "the only recognized constitutional infirmity is that he or she was denied the fundamental right to be represented by counsel, or the necessary corollary, an invalid waiver of the right to counsel." Statev. Culberson, 142 Ohio App.3d 656, 2001-Ohio-3261 at ¶ 26; Custisv. United States (1994), 511 U.S. 485, 496; see, also, State v. Brandon
(1989), 45 Ohio St.3d 85. Other defects, such as denial of effective assistance of counsel and lack of a knowing, intelligent, and voluntary plea, do not rise to the level of failure to appoint counsel. Culberson at ¶ 21.
Appellant concedes that he was represented by counsel in the prior conviction at issue. He does not allege or provide any evidence to support an allegation that his prior plea was made without the assistance of counsel. Accordingly, we find that he is barred from making the collateral attack he attempts to argue in this assignment of error.
Appellant next contends that the trial court "erred in finding that the prior felony [DUI] conviction in the Commonwealth of Kentucky was substantially similar for purposes of enhancing the Appellant's conviction in the case at bar."
Before trial, the following stipulation was made:
 Both the State of Ohio and the Defendant stipulate that the defendant Clyde Harrison Abercrombie * * * was convicted of the offense of operating a vehicle while under the influence of alcohol on 5/19/94, in case no. 94-CR-002, in Mason Circuit Court, Kentucky, and that the conviction in that case was for a Felony OMVI.
When a defendant's prior criminal convictions are used to enhance the penalty for an offense, the convictions become elements of the new offense which must be proven beyond a reasonable doubt to convict. State v.Henderson (1979), 58 Ohio St.2d 171, 173-174. Accordingly, the state must produce evidence which proves that the defendant was previously convicted.
However, in the present case, appellant stipulated that he had a prior DUI conviction. A stipulation is a "[v]oluntary agreement * * * concerning [the] disposition of some relevant point so as to obviate [the] need for proof[.]" Burdge v. Bd. of Cty. Commrs. (1982),7 Ohio App.3d 356, 358, quoting Black's Law Dictionary (5th Ed. 1979) 1269. While a trial court is not required to accept a defendant's stipulation as to the existence of the convictions, neither can the defendant assign as error the acceptance of such a stipulation by the trial court after he has invited the claimed error. See State v.Matthews (Dec. 5, 1984), Allen App. No. 1-83-58.
Appellant agreed to the stipulation relative to the prior conviction. Appellant is therefore bound as to all matters of fact and law concerned in the stipulation. See State v. Folk (1991), 74 Ohio App.3d 468, 471. "A party will not be permitted to take advantage of an error which he himself invited or induced the court to make." Lester v. Leuck (1943),142 Ohio St. 91, paragraph one of the syllabus. Being invited error, appellant cannot now complain seeking to undo that error and any prejudice it may have caused him. State v. Kniep (1993), 87 Ohio App.3d 681, 686. The first and second assignments of error are overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN THE APPOINTMENT OF COUNSEL.
In his third assignment of error, appellant contends that his trial counsel was ineffective for making the stipulation recited in the previous assignment of error.
To establish a claim of ineffective assistance of counsel, a defendant must show that his counsel's actions were outside the wide range of professionally competent assistance, and that he was prejudiced by reason of counsel's actions. Strickland v. Washington (1984), 466 U.S. 668,687, 104 S.Ct. 2052, 2064. Trial counsel's performance will not be deemed ineffective unless the defendant shows that "counsel's representation fell below an objective standard of reasonableness," id. at 688,104 S.Ct. at 2065, and that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, 143, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. The defendant bears the burden of demonstrating ineffective assistance of counsel. State v.Hamblin (1988), 37 Ohio St.3d 153, 156, certiorari denied, 488 U.S. 975,109 S.Ct. 515.
In addition, any questions regarding the effectiveness of counsel must be viewed in light of the evidence against the defendant, Bradley at 142, with a "strong presumption that counsel's conduct falls within the wide range of professional assistance." Strickland at 689,104 S.Ct. at 2066. It is not the role of the appellate court to second-guess the strategic decisions of trial counsel. State v. Carter, 72 Ohio St.3d 545,558, 1995-Ohio-104, certiorari denied, 516 U.S. 1014, 116 S.Ct. 575. Hindsight may not be used to distort the assessment of what was reasonable in light of trial counsel's perspective at the time. State v.Cook (1992), 65 Ohio St.3d 516, 524-525, certiorari denied (1994),510 U.S. 1040, 114 S.Ct. 681.
Appellant has failed to assert how he was prejudiced by his counsel's alleged errors or demonstrate how the outcome of the trial would have been different had the alleged error not been made. His argument in its entirety consists of the following statement: "It was error on the part of counsel to stipulate to the prior felony conviction in the Commonwealth of Kentucky."
Appellant was charged with DUI, a violation of R.C. 4511.19(A)(1). The degree of the violation was enhanced to a third degree felony by virtue of appellant's prior felony DUI conviction. See R.C. 4511.99(A)(4). Appellant contends that his trial counsel was ineffective for stipulating to this prior DUI conviction for purposes of enhancing the degree of the present charge. Appellant's apparent contention is that the Kentucky DUI conviction is not substantially similar to an Ohio conviction for purposes of enhancing the degree of the charge.
The degree of a DUI offense may be enhanced by evidence that an offender has a prior Ohio felony DUI conviction, or an out-of-state DUI conviction, based on a violation of a state statute that is substantially similar to R.C. 4511.19(A) or (B). See R.C. 4511.99(A). In Ohio, DUI is prohibited by R.C. 4511.19. The code section under which appellant was charged, R.C. 4511.19(A)(1), states in pertinent part as follows:
 (A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
DUI is prohibited in Kentucky by K.R.S. 189A.010. The corresponding version of the statute in effect at the time of appellant's Kentucky DUI conviction, stated in pertinent part as follows:
 (1) No person shall operate or be in physical control of a motor vehicle anywhere in this state:
 (a) While the alcohol concentration in his blood or breath is 0.10 or more based on the definition of alcohol concentration in KRS 189A.005;
(b) While under the influence of alcohol;
Upon comparison, it is clear that the substance of this ordinance is virtually identical to R.C. 4511.19(A). Because the statutes are substantially similar, appellant was not prejudiced by trial counsel's tactical decision to stipulate to the prior conviction. Appellant has failed to demonstrate that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, 42 Ohio St.3d at 136. Finding no merit to appellant's assertion that he was denied the effective assistance of counsel, we overrule the assignment of error.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN ORDERING APPELLANT TO SERVE AN EXCESSIVE SENTENCE.
In his final assignment of error, appellant contends that the trial court "failed to account for every [sentencing] element," yet fails to direct our attention to the alleged omissions. Appellant further contends that the sentence imposed by the trial court is excessive because it fails to give appellant credit for the fact that "he managed to go four years before being charged with DUI again."
When reviewing a trial court's decision regarding sentencing, a reviewing court may not modify or vacate the sentence unless the court "clearly and convincingly" finds that: (1) the sentence is not supported by the record; (2) the trial court imposed a prison term without following the appropriate statutory procedures; or (3) the sentence imposed was contrary to law. R.C. 2953.08(G). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender. R.C.2929.11(A).
R.C. 4511.99(A)(4)(a) imposes a mandatory term of incarceration for third-degree felony DUI offenders. Specifically:
 The court shall sentence the offender in accordance with sections 2929.11 to 2929.19 of the Revised Code and shall impose as part of the sentence a mandatory term of sixty consecutive days of imprisonment in accordance with division (G)(2) of section 2929.13 of the Revised Code.
Thus, a trial court must sentence a third-degree felony DUI offender to a minimum jail term of 60 days of imprisonment. The trial court must follow not only the sentencing mandate contained within R.C. 4511.99(A)(4), but pursuant to that section must also consider the statutory principles, procedures, presumptions, and factors outlined throughout R.C. 2929.11 to 2929.19 when sentencing an offender.
The trial court sentenced appellant to a five-year prison term, the maximum allowed for a third degree felony pursuant to R.C. 2929.14(A)(3). A maximum prison term may be imposed on an offender by a trial court only if the trial court finds on the record that the offender "committed the worst for[m] of the offense" or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). The trial court must provide the reasons underlying its decision to impose a maximum prison term. R.C. 2929.19(B)(2)(d) and (e); State v. Beard
(Sept. 5, 2000), Clermont App. No. CA2000-02-012.
When sentencing appellant, the trial court stated that the defendant "poses the greatest risk of recidivism." This finding supports the imposition of a maximum sentence. See R.C. 2929.14(C). The trial court made the same finding in both the sentencing entry and at the sentencing hearing, and provided its underlying reasons. In support of its findings, the trial court noted that this incident occurred while appellant was under community control sanctions and out on bond on another pending felony charge. The trial court noted appellant's extensive history of alcohol related offenses, pointing out that he had 11 prior DUI convictions alone, and concluded that he had failed to respond favorably to previous sanctions. The trial court lastly noted that appellant failed to demonstrate remorse for his acts.
The reasons the court stated on the record for appellant's sentence support the determination that appellant should serve the maximum sentence for his offense. We find that the sentence imposed by the trial court comports with the law and accordingly overrule appellant's fourth assignment of error.
Judgment affirmed.
POWELL and VALEN, JJ., concur.
[1] While we conclude that Engle's tip was reliable without corroboration, we note that her report was in fact corroborated by Officer Nichols, who came upon appellant operating the described vehicle in an impaired manner.
[2] While we conclude, infra, that appellant's argument is not properly suited to a motion to suppress or dismiss, we note that there is sufficient evidence in the record to support the factual finding that appellant was operating the vehicle. Officer Nichols testified that he observed appellant driving the vehicle, first attempting to back out of the driveway, then pulling forward into the driveway.