{¶ 28} I respectfully dissent. The defendant's Motion to Suppress and or Dismiss the indictment involved a challenge to the sufficiency of the evidence. As such, it was improper under Crim.R. 12. See State v.O'Neal (1996), *Page 11 114 Ohio App.3d 335, 336, 683 N.E.2d 105; State v. Riley (Dec. 31, 2001), Butler App. No. CA2001-04-095, 2001-Ohio-8618.
 {¶ 29} Pursuant to Crim.R. 12:
 {¶ 30} (C) Pretrial motions.
 {¶ 31} "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue."
 {¶ 32} The Ohio Rules of Criminal Procedure do not provide for the equivalent of a civil motion for summary judgment. State v. McNamee
(1984), 17 Ohio App.3d 175, 176, 478 N.E.2d 843. Therefore, a pretrial motion must not entail a determination of the sufficiency of the evidence to support the indictment. State v. O'Neal, supra.
 {¶ 33} Rather, under Crim.R. 12(C), the proper determination is whether the language within the indictment alleges the offense. SeeState v. Heebsh (1992), 85 Ohio App.3d 551, 556, 620 N.E.2d 859.
 {¶ 34} In this matter, the indictment plainly sets forth the offense of illegal conveyance of drugs. The trial court held a pretrial hearing which looked beyond the face of the charge and considered the state's evidence. The court noted that the facts were not in dispute and that the state's evidence was insufficient to support the charge of illegal conveyance of drugs. This analysis, however, went beyond the face of the indictment and improperly assessed the legal sufficiency of the state's evidence *Page 12 
prior to trial. Such analysis is properly made at the conclusion of the state's case in chief pursuant to a Crim.R. 29(A) motion. See State v.Varner (1991), 81 Ohio App.3d 85, 610 N.E.2d 476. *Page 1