[Cite as *State v. Knox*, 2016-Ohio-5519.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos.  103662 and 103664**

**STATE OF OHIO**

PLAINTIFF-APPELLANT/
CROSS-APPELLEE

vs.

**LARRY D. KNOX**

DEFENDANT-APPELLEE/
CROSS-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-590340-A

**BEFORE:**  Boyle, J., Keough, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**  August 25, 2016

**ATTORNEYS FOR APPELLANT/CROSS-APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Daniel T. Van
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113


**ATTORNEY FOR APPELLEE/CROSS-APPELLANT**

Russell S. Bensing
1360 East 9th Street
Suite 600
Cleveland, Ohio   44114

MARY J. BOYLE, J.:

{¶1} In this consolidated appeal, the state of Ohio appeals the trial court's judgment granting defendant Larry Knox's motion to dismiss the indictment. The state raises one assignment of error for our review:

The judge erred in granting [Knox's] motion to dismiss the indictment.

{¶2} Knox also appeals, raising one assignment of error for our review:

The trial court erred in denying defendant's motion to dismiss the indictment for violation of the defendant's constitutional right to speedy trial, in derogation of defendant's rights under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

{¶3} Finding no merit to the state's arguments, we affirm the trial court's dismissal of the indictment. As a result of our disposition of the state's appeal, Knox's arguments have been rendered moot.

## I.  Procedural History and Factual Background

{¶4} Knox was indicted in November 2014 for failure to verify his address in violation of R.C. 2950.06(F), a third-degree felony. The indictment alleged that Knox was required to verify his residence address on August 14, 2014, based upon a 1999 conviction for gross sexual imposition. Knox pleaded not guilty to the indictment.

{¶5} In June 2015, the trial court granted Knox's appointed counsel's motion to withdraw from the case and appointed new counsel for Knox.

{¶6} On August 13, 2015, the original judge who was assigned to the case recused himself due to Knox asserting that the judge was biased against him. The case was transferred to a new judge.

{¶7} On September 21, 2015, Knox signed a waiver of right to counsel, stating that he was voluntarily waiving his right to counsel. Knox proceeded to represent himself after the trial court determined that he was voluntarily, intelligently, and knowingly waiving his right to counsel.

{¶8} On September 28, 2015, Knox moved to dismiss his case claiming that his speedy trial rights were violated. Knox also moved to dismiss the indictment charging him with failure to verify his address, arguing that he was not required to register every 90 days as a sexual predator on August 14, 2014. Knox asserted that he was only required to register once per year as a sexually oriented offender, which he claimed that he did in June 2014.

{¶9} The trial court denied Knox's speedy trial motion, but granted his motion to dismiss the indictment because it found that Knox was never notified by Lorain County Court of Common Pleas that it incorrectly labeled him a sexually oriented offender (stating that he must "continue to periodically register as a Megan's Law sexually oriented offender") instead of the correct classification of sexual predator.

{¶10} It is from these judgments that Knox and the state appeal.

## II. Knox's Motion to Dismiss the Indictment

{¶11} In its sole assignment of error, the state claims that the trial court improperly dismissed the indictment against Knox because it considered evidence outside of the indictment, "finding that defendant-appellee was unaware of his sexual predator status and thus could not have been indicted for violating R.C. 2950.06(F)." The state asserts that a trial court may not examine the indictment "beyond its four corners" when deciding whether to grant a motion to dismiss the indictment.

**{¶12}** We review a trial court's decision on a motion to dismiss an indictment pursuant to a de novo standard of review. *State v. Gaines*, 193 Ohio App.3d 260, 2011-Ohio-1475, 951 N.E.2d 814, ¶ 14 (12th Dist.). "De novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Clay*, 2d Dist. Miami No. 2015-CA-17, 2016-Ohio-424, ¶ 5.

**{¶13}** Crim.R. 12(C) provides:

Pretrial motions. Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:

(1) Defenses and objections based on defects in the institution of the prosecution;

(2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding);

(3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. Such motions shall be filed in the trial court only.

(4) Requests for discovery under Crim.R. 16;

(5) Requests for severance of charges or defendants under Crim.R. 14.

**{¶14}** The state is not correct that trial courts may never consider evidence outside the indictment when deciding whether to grant a pretrial motion to dismiss the indictment. Crim.R. 12(F) expressly states that when deciding pretrial motions, courts may rely "upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means."

**{¶15}** If, however, in deciding whether to grant a defendant's pretrial motion to dismiss the indictment, a trial court must determine "the general issue" of the case that the state had to prove at trial, then it may not consider outside evidence. *State v. Brady*, 119 Ohio St.3d 375,

2008-Ohio-4493, 894 N.E.2d 671, ¶ 18. In *Brady*, the state contended that the defendant's "motion dealt with facts that went beyond the face of the indictment," which was not permitted under *State v. O'Neal*, 114 Ohio App.3d 335, 336, 683 N.E.2d 105 (1996). *Brady* at ¶ 12, 14.

{¶16} The Ohio Supreme Court in *Brady* explained:

> The state cites *State v. O'Neal* (1996), 114 Ohio App.3d 335, 336, 683 N.E.2d 105, quoting *State v. Patterson* (1989), 63 Ohio App.3d 91, 95, 577 N.E.2d 1165, for the proposition that "[a] motion to dismiss charges in an indictment tests the sufficiency of the indictment, without regard to the quantity or quality of the evidence that may be produced by either the state or the defendant."
>
> We have examined *O'Neal* and *State v. Varner* (1991), 81 Ohio App.3d 85, 610 N.E.2d 476, which dealt with similar claims.
>
> In *O'Neal*, the trial court granted the defendant's pretrial motion to dismiss an indictment for possession of cocaine in violation of R.C. 2925.11(A) on the ground that the small amount of cocaine found on his person was insufficient as a matter of law to sustain the "knowingly" element of the possession charge. *O'Neal*, 114 Ohio App.3d at 336, 683 N.E.2d 105. In reviewing the judgment, the appellate court stated: "'The proper determination [for the trial court to make in reviewing the motion to dismiss the indictment] was whether the allegations contained in the indictment made out offenses under Ohio criminal law. If they did, it was premature to determine, in advance of trial, whether the state could satisfy its burden of proof with respect to those charges.'" *Id.*, quoting *Patterson*, 63 Ohio App.3d at 95, 577 N.E.2d 1165. Because *O'Neal's* motion required consideration of the general issue at trial — whether O'Neal knowingly possessed the small amount of cocaine found on his person — the Montgomery County Court of Appeals determined that the pretrial dismissal of the indictment was improper.
>
> Similarly, in *Varner*, the Summit County Court of Appeals considered the dismissal of an indictment for failure to appear in violation of a recognizance bond. The motion to dismiss required the trial court to examine Varner's bond to determine whether it was a recognizance bond. The appellate court reversed the order granting dismissal, holding that "[t]he Ohio Rules of Criminal Procedure, * * * do not allow for 'summary judgment' on an indictment prior to trial." *Varner*, 81 Ohio App.3d at 86-87, 610 N.E.2d 4760.

*Id.* at ¶ 14 - 17.

**{¶17}** The Supreme Court determined that *O'Neal* and *Varner* were distinguishable from the facts in *Brady* "because they involved pretrial motions to dismiss that required consideration of the general issue for trial." *Id*. at ¶ 18. The Supreme Court explained that Brady's "motion did not embrace what would be the general issue at trial." *Id*. The Supreme Court concluded:

> Because Brady's pretrial motion to dismiss did not require a determination of the general issue for trial, Crim.R. 12(C) allowed the trial court to consider it. Moreover, because Crim.R. 12(F) expressly permits a court to consider briefs, affidavits, the proffer of testimony, and other exhibits, the trial court could properly consider evidence beyond the face of the indictment in ruling on Brady's motion to dismiss.

*Id*.

**{¶18}** At an evidentiary hearing on Knox's motion to dismiss the indictment, the trial court determined that Knox had originally been labeled a sexual predator under Megan's Law by the Lorain County Court of Common Pleas in 1999. Knox was later reclassified by the attorney general as a Tier III sex offender under the Adam Walsh Act. But in 2010, the Ohio Supreme Court determined that it was unconstitutional to reclassify offenders under the Adam Walsh Act if they had originally been classified under Megan's Law. *See State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753.

**{¶19}** Subsequently, in February 2011, the Lorain County Court of Common Pleas reinstated Knox's Megan's Law classification in light of *Bodyke*. In doing so, however, the Lorain County Court of Common Pleas incorrectly issued a judgment stating that Knox was reinstated to his prior classification of sexually oriented offender (stating that he must "continue to periodically register as a Megan's Law sexually oriented offender"), rather than as a sexual predator (which would require him to register every 90 days). The Lorain County Court of Common Pleas later (in April 2012) issued a judgment pursuant to Civ.R. 60(B)(1) correcting its

prior mistake and properly classifying Knox as a sexual predator — because that was his original classification under Megan's Law.[1]

{¶20} After the evidentiary hearing in the present case, the trial court determined that Knox never received notification of the Lorain County's judgment correcting its prior mistake and properly reinstating Knox's sexual predator classification. This, however, was not the "general issue for trial," because at trial the state would have had to prove that Knox was required to register on a specific date and failed to register on that date. The fact that Knox was never notified of his correct sex offender status in a separate county did not determine the "general issue for trial" in this case.

{¶21} The state contends that at trial, it would have had the burden to prove that Knox "in fact had notice of his sexual offender classification." We disagree. R.C. 2950.06(F) provides in relevant part:

> No person who is required to verify a current residence, school, institution of higher education, or place of employment address, as applicable, pursuant to divisions (A) to (C) of this section shall fail to verify a current residence, school, institution of higher education, or place of employment address, as applicable, in accordance with those divisions by the date required for the verification as set forth in division (B) of this section[.]

{¶22} Thus, the state would have had to prove that Knox was required to verify his current address on a specific date and that he failed to do so. Knox's knowledge of his sexual offender status would have had nothing to do with the state's burden at trial.

---

[1] The journal entry stated: "Pursuant to Civ.R. 60(B)(1), the court corrects the mistake in the sex offender reclassification order issued on February 10, 2011 and determines that deft is a sexual predator, pursuant to R.C. 2950.09, et seq."

**{¶23}** Accordingly, we affirm the trial court's dismissal of the indictment against Knox based on the unique circumstances of this case. The state's sole assignment of error is overruled.

**{¶24}** Further, we find Knox's argument that his speedy trial rights were violated to be moot based on our disposition of the state's assignment of error.

**{¶25}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MELODY J. STEWART, J., CONCUR