EILEEN A. GALLAGHER, A.J.:
{¶ 1} The state appeals the decision of the Cuyahoga County Court of Common Pleas Juvenile Division ("juvenile court") dismissing T.S.'s indictment as a serious youthful offender ("SYO"). The state argues that the juvenile court erred in its construing of the language in R.C. 2152.13 and dismissing the indictment as untimely under division (A)(4) of that section. For the following reasons, we affirm.
Factual and Procedural Background
{¶ 2} A two-count complaint was filed against T.S. on May 17, 2017, alleging him to be a delinquent child on charges of aggravated robbery and kidnapping. The complaint did not contain SYO specifications pursuant to R.C. 2152.13(A)(3). On December 28, 2017, the juvenile court issued a journal entry denying a motion by the state to relinquish jurisdiction pursuant to the discretionary transfer provisions of R.C. 2152.10(B) and 2152.12(B).
{¶ 3} On January 26, 2018, a grand jury indictment was returned against T.S. The indictment covered the same two counts of aggravated robbery and kidnapping and for each count included both mandatory and discretionary SYO specifications pursuant to R.C. 2152.11.
*1288 {¶ 4} On February 9, 2018, the juvenile court issued a journal entry dismissing the indictment due to the state's failure to comply with the 20-day limitation found in R.C. 2152.13(A)(4), which provides the procedure to institute a notice of intent to seek a SYO dispositional sentence. The state appeals.
Law and Analysis
I. R.C. 2152.13
{¶ 5} The state argues that the juvenile court erred in dismissing the indictment because, they argue, R.C. 2152.13(A)(1) allows it to circumvent the time constrictions for filing notice under that section and obtain a SYO indictment at any time. R.C. 2152.13 provides in relevant part:
(A) * * * [A] juvenile court may impose a serious youthful offender dispositional sentence on a child only if the prosecuting attorney of the county in which the delinquent act allegedly occurred initiates the process against the child in accordance with this division, and the child is an alleged delinquent child who is eligible for the dispositional sentence. The prosecuting attorney may initiate the process in any of the following ways:
(1) Obtaining an indictment of the child as a serious youthful offender;
(2) The child waives the right to indictment, charging the child in a bill of information as a serious youthful offender;
(3) Until an indictment or information is obtained, requesting a serious youthful offender dispositional sentence in the original complaint alleging that the child is a delinquent child;
(4) Until an indictment or information is obtained, if the original complaint does not request a serious youthful offender dispositional sentence, filing with the juvenile court a written notice of intent to seek a serious youthful offender dispositional sentence within twenty days after the later of the following, unless the time is extended by the juvenile court for good cause shown:
(a) The date of the child's first juvenile court hearing regarding the complaint;
(b) The date the juvenile court determines not to transfer the case under section 2152.12 of the Revised Code.
After a written notice is filed under division (A)(4) of this section, the juvenile court shall serve a copy of the notice on the child and advise the child of the prosecuting attorney's intent to seek a serious youthful offender dispositional sentence in the case.
{¶ 6} In this instance, the following facts are not in dispute: 1) this case was initiated under R.C. 2152.13(A)(4) and the initial complaint did not seek an SYO disposition; 2) the juvenile court made its determination not to transfer the case under R.C. 2152.12 on December 28, 2017; 3) the state did not file a written notice of intent to seek a SYO dispositional sentence within 20 days of that decision; and 4) the indictment charging T.S. as a serious youthful offender was obtained outside the 20-day window for notice.
{¶ 7} The state contends that it is not bound by the 20-day notice limitation in R.C. 2152.13(A)(4) when it elects to obtain an indictment under division (A)(1). To this end, the state argues that the option to obtain an indictment can be exercised at the state's discretion at any time following the denial of transfer under R.C. 2152.12. The state's argument is centered on the words "[u]ntil an indictment ... is obtained" which it takes to mean that the return of an indictment under division (A)(1), at any point in time, operates to trump all other provisions of the statute.
{¶ 8} We disagree. Both parties are ignoring the relevant language in R.C. 2152.13(C)(1) which provides:
*1289 A child for whom a serious youthful offender dispositional sentence is sought by a prosecuting attorney has the right to a grand jury determination of probable cause that the child committed the act charged and that the child is eligible by age for a serious youthful offender dispositional sentence. The grand jury may be impaneled by the court of common pleas or the juvenile court.
{¶ 9} Read in conjunction with this division the meaning of the phrase "[u]ntil an indictment ... is obtained" is clear. Under either section (A)(3) or (A)(4) the state may provide notice to the alleged delinquent child of its intent to pursue a SYO disposition. However, the child is entitled to a grand jury determination of probable cause pursuant to division (C)(1). This is the indictment referenced by the language in question in divisions (A)(3) and (A)(4).
{¶ 10} Within this context, it is clear, under R.C. 2152.13(A)(4), that the state must provide notice to the alleged delinquent child of its intent to pursue an indictment of the child as a serious youthful offender within 20 days of the juvenile court's determination to deny transfer. To hold otherwise would render divisions (A)(3), (A)(4) and (B) of R.C. 2152.13 superfluous. The point of both (A)(3) and (A)(4) is to provide notice to the child that the state intends to seek a SYO disposition. Once this occurs, the juvenile court is required, under R.C. 2152.13(B) to "hold a preliminary hearing to determine if there is probable cause that the child committed the act charged and is by age eligible for, or required to receive, a serious youthful offender dispositional sentence." If the court finds that such probable cause exists, the child is entitled to a speedy trial right pursuant to division (C).
{¶ 11} Pursuant to R.C. 2152.13(C)(1)(c), a juvenile's speedy trial right begins as of the date that the prosecuting attorney files the written notice of intent to seek a serious youthful offender disposition. In other words, when the state brings a complaint that does not initially include a SYO specification but instead later provides notice of its intent to seek an SYO disposition pursuant to R.C. 2152.13(A)(4) the child's speedy trial right attaches at the date the written notice is provided rather than the date that the prosecutor subsequently obtains an indictment. The state's proposed interpretation of the statute, whereby it would not be bound by the notice requirements of R.C. 2152.13(A)(4), would contradict the plain terminology of R.C. 2152.13(C)(1)(c) and create a loophole for circumventing the speedy trial right set forth therein. See also In re D.S. , 8th Dist. Cuyahoga No. 97757, 2012-Ohio-2213, 2012 WL 1806854, ¶ 15 (noting, in dicta, that a juvenile's speedy trial right attached upon the state's filing of a notice of intent to seek an SYO disposition even when an indictment was subsequently obtained).
{¶ 12} We are unpersuaded by the state's citation to In re J.B. , 12th Dist. Butler No. CA2004-09-226, 2005-Ohio-7029, 2005 WL 3610482, as that case failed to address the relevant language in R.C. 2152.13(B) and (C)(1) as applied to the disputed terminology in division (A)(4).
{¶ 13} We find no error in the juvenile court's decision to dismiss the indictment in this instance as it was obtained after the 20-day period for notice to T.S. had passed.
{¶ 14} The state's sole assignment of error is overruled.
{¶ 15} The judgment of the juvenile court is affirmed.
LARRY A. JONES, SR., J., and KATHLEEN A. KEOUGH J., CONCUR