[Cite as *In re R.G.*, 2018-Ohio-4517.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 107081

### IN RE: R.G.

[Appeal by the State of Ohio]

### JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 17117631

**BEFORE:** Kilbane, P.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** November 8, 2018

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor
Anthony Thomas Miranda
Yasmine M. Hasan
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Mark A. Stanton
Cuyahoga County Public Defender
Frank Cavallo
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**Also Listed**

R.M.G.
1060 East 687th - Up
Cleveland, Ohio 44103

D.S.
446 Richmond Park E Apartment 517 A
Cleveland, Ohio 44143

MARY EILEEN KILBANE, P.J.:

{¶1} In this companion appeal, the state of Ohio ("the State") appeals from the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, dismissing R.G.'s indictment as a serious youthful offender ("SYO").[1] For the reasons set forth below, we affirm.

{¶2} On November 21, 2017, the State charged R.G., by complaint, with one count of first-degree felony grand theft, with a one-year firearm specification attached. R.G. was 16 years old at the time of the charged offense. The complaint did not contain a SYO specification. On January 10, 2018, the State amended the complaint to add the name of codelinquent, K.A. The amended complaint did not contain a SYO specification.

{¶3} Subsequently, a grand jury returned an indictment charging R.G. with first-degree felony grand theft, with a one-year firearm specification. In addition, the grand jury indictment now contained the SYO specification alleging R.G. was subject to discretionary SYO sentences. The State filed this indictment on March 23, 2018.

{¶4} On April 10, 2018, the date previously scheduled for the adjudicatory hearing, the State indicated they could not proceed to trial because R.G. had not been arraigned on the recently filed indictment, which contained the SYO specification. The juvenile court concluded the indictment was improper because neither the original or the amended complaint requested, alleged, or specified that R.G. was a SYO.

{¶5} In its journal entry, dated April 12, 2018, dismissing the indictment, the juvenile court stated:

The state of Ohio filed the indictment herein on March 23, 2018, more than 90 days following the child's arraignment, more than 60 days after the first pre-trial,

---

[1]This is a companion case to *In re K.A.*, 8th Dist. Cuyahoga No.107080.

and more than 30 days after the last court hearing. The Court further finds that no Notice of Intent to Seek a Serious Youthful Offender Dispositional Sentence was filed with the Court.

{¶6} It is from this judgment that the State now appeals, raising the following assignment of error for review.

## Assignment of Error One

The trial court erred in dismissing an indictment of R.G. as a serious youthful offender.

{¶7} We review a trial court's decision on a motion to dismiss an indictment under a de novo standard of review. *State v. Knox*, 8th Dist. Cuyahoga Nos. 103662 and 103664, 2016-Ohio-5519, ¶ 12, citing *State v. Gaines*, 193 Ohio App.3d 260, 2011-Ohio-1475, 951 N.E.2d 814 (12th Dist.). "De novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. McCullough*, 8th Dist. Cuyahoga No. 105959, 2018-Ohio-1967.

{¶8} The State argues it can obtain an indictment of a juvenile as a SYO, despite the existence of a pending complaint and without complying with the time requirements of written notice under R.C. 2152.13(A)(4).

{¶9} R.C. 2152.13 provides in relevant part:

(A) [A] juvenile court may impose a serious youthful offender dispositional sentence on a child only if the prosecuting attorney of the county in which the delinquent act allegedly occurred initiates the process against the child in accordance with this division, and the child is an alleged delinquent child who is eligible for the dispositional sentence. The prosecuting attorney may initiate the process in any of the following ways:

(1) Obtaining an indictment of the child as a serious youthful offender;

(2) The child waives the right to indictment, charging the child in a bill of information as a serious youthful offender;

(3) Until an indictment or information is obtained, requesting a serious youthful offender dispositional sentence in the original complaint alleging that the child is a delinquent child;

(4) Until an indictment or information is obtained, if the original complaint does not request a serious youthful offender dispositional sentence, filing with the juvenile court a written notice of intent to seek a serious youthful offender dispositional sentence within twenty days after the later of the following, unless the time is extended by the juvenile court for good cause shown:

(a) The date of the child's first juvenile court hearing regarding the complaint;

(b) The date the juvenile court determines not to transfer the case under section 2152.12 of the Revised Code.

After a written notice is filed under division (A)(4) of this section, the juvenile court shall serve a copy of the notice on the child and advise the child of the prosecuting attorney's intent to seek a serious youthful offender dispositional sentence in the case.

{¶10} The State posits it is not constrained by the 20-day notice limitation in R.C. 2152.13(A)(4) when it elects to obtain an indictment under division R.C. 2152.13(A)(1). The State contends it has discretion to exercise the option to obtain an indictment at anytime following the denial of a transfer under R.C. 2152.12.

{¶11} This court recently addressed the same issue in *In re T.S.*, 8th Dist. Cuyahoga No. 106825, 2018-Ohio-3680. In *T.S.*, we held the state must provide notice to the alleged delinquent child of its intent to pursue indictment of the child as a serious youthful offender within 20 days of the juvenile court's determination to deny transfer. We find this case dispositive.

{¶12} In *T.S.*, we stated:

The state's argument is centered on the words "[u]ntil an indictment * * * is obtained" which it takes to mean that the return of an indictment under division (A)(1), at any point in time, operates to trump all other provisions of the statute.

* * * Both parties are ignoring the relevant language in R.C. 2152.13(C)(1) which provides: A child for whom a serious youthful offender dispositional sentence is sought by a prosecuting attorney has the right to a grand jury determination of

probable cause that the child committed the act charged and that the child is eligible by age for a serious youthful offender dispositional sentence. The grand jury may be impaneled by the court of common pleas or the juvenile court.

Read in conjunction with this division the meaning of the phrase "[u]ntil an indictment * * * is obtained" is clear. Under either section (A)(3) or (A)(4) the state may provide notice to the alleged delinquent child of its intent to pursue a SYO disposition. However, the child is entitled to a grand jury determination of probable cause pursuant to division (C)(1). This is the indictment referenced by the language in question in divisions (A)(3) and (A)(4).

Within this context, it is clear, under R.C. 2152.13(A)(4), that the state must provide notice to the alleged delinquent child of its intent to pursue an indictment of the child as a serious youthful offender within 20 days of the juvenile court's determination to deny transfer. To hold otherwise would render divisions (A)(3), (A)(4) and (B) of R.C. 2152.13 superfluous. The point of both (A)(3) and (A)(4) is to provide notice to the child that the state intends to seek a SYO disposition. Once this occurs, the juvenile court is required, under R.C. 2152.13(B) to "hold a preliminary hearing to determine if there is probable cause that the child committed the act charged and is by age eligible for, or required to receive, a serious youthful offender dispositional sentence." If the court finds that such probable cause exists, the child is entitled to a speedy trial right pursuant to division (C).

Pursuant to R.C. 2152.13(C)(1)(c), a juvenile's speedy trial right begins as of the date that the prosecuting attorney files the written notice of intent to seek a serious youthful offender disposition. In other words, when the state brings a complaint that does not initially include a SYO specification but instead later provides notice of its intent to seek an SYO disposition pursuant to R.C. 2152.13(A)(4) the child's speedy trial right attaches at the date the written notice is provided rather than the date that the prosecutor subsequently obtains an indictment. The state's proposed interpretation of the statute, whereby it would not be bound by the notice requirements of R.C. 2152.13(A)(4), would contradict the plain terminology of R.C. 2152.13(C)(1)(c) and create a loophole for circumventing the speedy trial right set forth therein. See also *In re D.S.*, 8th Dist. Cuyahoga No. 97757, 2012-Ohio-2213, ¶ 15 (noting, in dicta, that a juvenile's speedy trial right attached upon the state's filing of a notice of intent to seek an SYO disposition even when an indictment was subsequently obtained).

*In re T.S.* ¶ 7-11.

{¶13} In support of its argument, the State cites *In re J.B.*, 12th Dist. Butler No. CA2004-09-226, 2005-Ohio-7029, which held that nothing in R.C. 2152.021 or 2152.13 prohibits a prosecutor from initiating a SYO proceedings via indictment when a complaint has

previously been filed.   In light of *T.S.*, we are not persuaded by the State's reliance on *In re J.B.*, as that case failed to address the relevant language in R.C. 2152.13(B) and (C)(1) as applied to the disputed terminology in division (A)(4).

{¶14} Based on the foregoing, we conclude that the juvenile court properly dismissed the indictment because it was obtained after the 20-day period for notice to R.G. had lapsed.

{¶15} Accordingly, we overrule the sole assignment of error.

{¶16} Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

MARY J. BOYLE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR