[Cite as *In re K.A.*, 2018-Ohio-4599.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 107080**

**IN RE: K.A.**

[Appeal By the State of Ohio]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 17104832

**BEFORE:** Celebrezze, J., Kilbane, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** November 15, 2018

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Anthony Thomas Miranda
            Yasmine M. Hasan
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Mark A. Stanton
Cuyahoga County Public Defender
BY:    Frank Cavallo
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113

Mark A. Stanton
Cuyahoga County Public Defender
BY:    Jeremy Gatta
Assistant Public Defender
9300 Quincy Avenue, 5th Floor
Cleveland, Ohio 44106


**ALSO LISTED:**

K.A.
19525 Shelton Drive
Cleveland, Ohio 44110

A.F.
3592 East 120th Street
Cleveland, Ohio 44105

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Plaintiff-appellant, the state of Ohio ("state"), appeals the decision of the Cuyahoga County Court of Common Pleas Juvenile Division ("juvenile court"), dismissing appellee-delinquent's ("K.A.") complaint as a serious youthful offender ("SYO").[1] The state argues that the juvenile court erred in its interpretation of R.C. 2152.13 and its subsequent dismissal of the complaint as untimely. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

**{¶2}** On March 27, 2017, K.A. was charged in a seven-count complaint in the juvenile court with the following crimes: Count 1, aggravated robbery in violation of R.C. 2911.01(A)(1), with three-year and one-year firearm specifications, a first-degree felony; Count 2, kidnapping in violation of R.C. 2905.01(A)(2), with three-year and one-year firearm specifications, a first-degree felony; Count 3, robbery in violation of R.C. 2911.02(A)(2), with three-year and one-year firearm specifications, a second-degree felony; Count 4, felonious assault in violation of R.C. 2903.11(A)(2), with three-year and one-year firearm specifications, a second-degree felony; Count 5, tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony; Count 6, breaking and entering in violation of R.C. 2911.13(B), a fifth-degree felony; and Count 7, obstructing official business in violation of R.C. 2921.31(A), a second-degree misdemeanor.[2] K.A. was arraigned on the same day as the filing of the

---

[1] This is a companion case to *In re R.G.*, 8th Dist. Cuyahoga No. 107081.

[2] The state did not include within this complaint a request for a SYO dispositional sentence pursuant to R.C. 2152.13(A)(4).

complaint.

{¶3} Thereafter, on March 29, 2017, the state filed a motion in the juvenile court to have the matter transferred to the trial court pursuant to R.C. 2152.10(B). The juvenile court held a hearing, commonly known as a "bind-over hearing," on the state's motion on June 12, and July 17, 2017. On August 14, 2017, the juvenile court issued a journal entry denying the state's motion. In particular, the juvenile court noted that the state provided insufficient evidence that K.A. was 16 years old at the time of the offense.

{¶4} On September 20, 2017, the state appealed the juvenile court's denial of the transfer motion pursuant to R.C. 2152.10(B). However, on December 13, 2017, the state filed a motion in this court voluntarily dismissing its appeal pursuant to App.R. 28.

{¶5} Thereafter, the state sought an indictment against K.A. in adult court. On February 23, 2018, a grand jury returned an indictment for the alleged crimes. The indictment contained the same offenses as the juvenile complaint; however, Counts 1 and 2 contained "mandatory" and "discretionary" SYO specifications, and Counts 3, 4, and 5 contained only "discretionary" SYO specifications. K.A. then moved to have the indictment dismissed in the trial court.

{¶6} Also, on March 9, 2018, a hearing was scheduled in the juvenile court on K.A.'s previously filed motion to suppress. The motion to suppress hearing was not held on that date; however, the juvenile court heard arguments related to K.A.'s motion to dismiss the indictment filed in the trial court. K.A. argued that because the complaint was filed in juvenile court without SYO specifications, the state could only seek a SYO through written notice pursuant to R.C. 2152.13(A)(4). The state however, argued that it could seek a SYO through an indictment at any time pursuant to R.C. 2152.13(A)(1). The juvenile court agreed with K.A., and dismissed the indictment finding that the state was required to file a written notice of intent to

seek a SYO within 20 days of the bindover hearing. It is from that decision that the state brings the instant appeal. The state assigns a sole assignment of error for our review.

I. The trial court erred in dismissing an indictment of K.A. as a serious youthful offender.

## II. Law and Analysis

**{¶7}** In its sole assignment of error, the state argues that the juvenile court erred in dismissing the indictment.

**{¶8}** A trial court's decision on a motion to dismiss an indictment is reviewed on appeal under a de novo standard of review. *State v. Knox*, 8th Dist. Cuyahoga Nos. 103662 and 103664, 2016-Ohio-5519, ¶ 12, citing *State v. Gaines*, 193 Ohio App.3d 260, 2011-Ohio-1475, 951 N.E.2d 814 (12th Dist.). "'De novo review requires an independent review of the trial court's decision without any deference to the trial court's determination.'" *Knox* at *id.*, quoting *State v. Clay*, 2d Dist. Miami No. 2015-CA-17, 2016-Ohio-424, ¶ 5.

**{¶9}** In the instant matter, the state argues that the prosecutor may obtain an indictment of a juvenile as a SYO pursuant to R.C. 2152.13(A)(1), without complying with the 20-day requirement of written notice pursuant to R.C. 2152.13(A)(4).

**{¶10}** R.C. 2152.13 states, in relevant part:

(A) [A] juvenile court may impose a serious youthful offender dispositional sentence on a child only if the prosecuting attorney of the county in which the delinquent act allegedly occurred initiates the process against the child in accordance with this division, and the child is an alleged delinquent child who is eligible for the dispositional sentence. The prosecuting attorney may initiate the process in any of the following ways:

(1) Obtaining an indictment of the child as a serious youthful offender;

(2) The child waives the right to indictment, charging the child in a bill of information as a serious youthful offender;

(3) Until an indictment or information is obtained, requesting a serious youthful offender dispositional sentence in the original complaint alleging that the child is a delinquent child;

(4) Until an indictment or information is obtained, if the original complaint does not request a serious youthful offender dispositional sentence, filing with the juvenile court a written notice of intent to seek a serious youthful offender dispositional sentence within twenty days after the later of the following, unless the time is extended by the juvenile court for good cause shown:

(a) The date of the child's first juvenile court hearing regarding the complaint;

(b) The date the juvenile court determines not to transfer the case under section 2152.12 of the Revised Code.

After a written notice is filed under division (A)(4) of this section, the juvenile court shall serve a copy of the notice on the child and advise the child of the prosecuting attorney's intent to a seek a serious youthful offender dispositional sentence in the case.

(B) If an alleged delinquent child is not indicted or charged by information as described in division (A)(1) or (2) of this section and if a notice or complaint as described in division (A)(3) or (4) of this section indicates that the prosecuting attorney intends to pursue a serious youthful offender dispositional sentence in the case, the juvenile court shall hold a preliminary hearing to determine if there is probable cause that the child committed the act charged and is by age eligible for, or required to receive, a serious youthful offender dispositional sentence.

{¶11} This precise issue was very recently decided by this court in *In re T.S.,* 8th Dist. Cuyahoga No. 106825, 2018-Ohio-3680. The procedural facts in the instant matter are identical to the procedural facts in *T.S.*, namely that the complaint initially filed in juvenile court did not contain SYO specifications pursuant to R.C. 2152.13(A)(3); a subsequent grand jury indictment did contain SYO specifications; and thereafter, the juvenile court dismissed the indictment because the state failed to comply with the 20-day written notice of intent to seek a SYO pursuant to R.C. 2152.13(A)(4).

{¶12} In the instant case, the state argues, as it did in *T.S.*, that it is not bound by the 20-day written notice requirement pursuant to R.C. 2152.13(A)(4) because it elected to pursue an

indictment under division (A)(1). More specifically, the state argues that the "notice provision of R.C. 2152.13(A)(4) is unnecessary in situations where an indictment is obtained." State's brief at 5.

{¶13} In support of its argument, the state relies upon a case out of the Twelfth District, *In re J.B.,* 12th Dist. Butler No. CA2004-09-226, 2005-Ohio-7029, which shared the same procedural facts of the instant case. In *J.B.*, the juvenile was charged with murder in the juvenile court in June 2003 and was thereafter indicted in July 2003. The complaint in the juvenile court did not contain SYO specifications. The indictment included SYO specifications. Thereafter, the juvenile filed a motion in the juvenile court to dismiss the indictment, arguing "that because the state initiated the case by a complaint and not a grand jury indictment, the state was subject to certain statutory requirements" which it failed to follow. *Id.* at ¶ 14.

{¶14} The Twelfth District denied the juvenile's motion. The court stated that "R.C. 2152.021 and R.C. 2152.13 grant prosecutors the discretion to initiate serious youthful offender proceedings in four ways: via a grand jury indictment, a bill of information, a complaint, or a written notice of intent." *Id.* at ¶ 27. The Twelfth District also noted that "nothing in R.C. 2152.021 or R.C. 2152.13 prohibits a prosecutor from initiating serious youthful offender proceedings via an indictment when a complaint has previously been filed." *Id.* The Twelfth District stated that because the prosecutor "obtained an indictment under R.C. 2152.13(A)(1), R.C. 2152.13(A)(3) and (4) were not applicable." *Id.*

{¶15} To the extent that the state argues that this court should adopt the ruling by the Twelfth District in *J.B.*, we note that we are not bound by that court's ruling. Undeniably, the ruling in *J.B.* completely invalidates the plain reading of R.C. 2152.13(A)(3), (4) and (B). If we were to adopt the state's interpretation of R.C. 2152.13, the state would be able to "initiate" the

process under (A)(4) and then yet again "initiate" the process under (A)(1), (2), or (3), if (A)(4) failed in any regard.

{¶16} In the instant case, we find, as this court did in *T.S.*, that if the state elects to initiate the SYO process by way of R.C. 2152.13(A)(4):

> [T]he state must provide notice to the alleged delinquent child of its intent to pursue an indictment of the child as a serious youthful offender within 20 days of the juvenile court's determination to deny transfer. To hold otherwise would render divisions (A)(3), (A)(4) and (B) of R.C. 2152.13 superfluous. The point of both (A)(3) and (A)(4) is to provide notice to the child that the state intends to seek a SYO disposition. Once this occurs, the juvenile court is required, under R.C. 2152.13(B) to "hold a preliminary hearing to determine if there is probable cause that the child committed the act charged and is by age eligible for, or required to receive, a serious youthful offender dispositional sentence." If the court finds that such probable cause exists, the child is entitled to a speedy trial right pursuant to division (C).

*T.S.,* 8th Dist. Cuyahoga No. 106825, 2018-Ohio-3680, at ¶ 10.

{¶17} Simply put, because the state filed a complaint in the juvenile court prior to obtaining an indictment, the state was required to initiate SYO proceedings in accordance with R.C. 2152.13(A)(3) and (4). Given the procedural facts of the instant matter, the state, pursuant to R.C. 2152.13(A)(4)(b), had 20 days from August 14, 2017, to file a timely written notice of intent to seek a SYO dispositional sentence. The statute is painfully clear in this regard, and "[t]o hold otherwise would render divisions (A)(3), (A)(4) and (B) of R.C. 2152.13 superfluous." *Id.* at ¶ 10.

{¶18} Accordingly, because the state did not request a SYO dispositional sentence in the complaint pursuant to R.C. 2152.13(A)(3), or file a timely notice of its intent to do so pursuant to R.C. 2152.13(A)(4), the juvenile court did not error in dismissing the indictment.

{¶19} The state's sole assignment of error is overruled.

{¶20} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR