[Cite as *In re E.S.*, 2020-Ohio-1029.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE E.S.

A Minor Child

[Appeal by the state of Ohio]

:
:
:
:
:

No. 108859

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 19, 2020

Civil Appeal from the Cuyahoga County Court Common Pleas
Juvenile Division
Case No. DL-18-103409

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney and John F. Hirschauer, Assistant Prosecuting
Attorney, *for appellant.*

Rachel A. Kopec, *for appellee.*

MARY EILEEN KILBANE, J.:

{¶ 1} The state of Ohio ("the State") appeals from the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, dismissing E.S.'s indictment as a serious youthful offender ("SYO"). For the reasons set forth below, we affirm.

**Facts**

{¶ 2}   On March 14, 2018, the State filed an 11 count complaint alleging that E.S. shot two juvenile victims, and fired upon two other adult victims while driving a stolen vehicle.  E.S. was 14 years old at the time of the charged offenses.  The March 14, 2018 complaint did not contain a SYO specification.

{¶ 3}   Subsequently, the State filed a motion with the trial court requesting the Juvenile Court relinquish jurisdiction to the general division.  On August 6 and 13, 2018, a probable cause hearing was held pursuant to the motion.

{¶ 4}   On February 28, 2019, the trial court issued a decision finding probable cause on ten counts: four counts of attempted murder in violation of R.C. 2903.02(A), first-degree felonies if committed by an adult; four counts of felonious assault in violation of R.C. 2903.11(A)(2), second-degree felonies if committed by an adult; and two counts of felonious assault in violation of R.C. 2903.11(A)(1), first-degree felonies if committed by an adult.  An amenability hearing was then set.

{¶ 5}   On May 13, 2019, the court conducted an amenability hearing and found that there are reasonable grounds to believe E.S. is amenable to care and rehabilitation within the juvenile system.  The State then pursued SYO specifications and, on May 24, 2019, a grand jury returned a true bill indictment that included an allegation that E.S. was a serious youthful offender.  No written notice of intent to seek a SYO dispositional sentence was filed pursuant to R.C. 2152.13(A)(4).

{¶ 6}   On June 17, 2019, the court dismissed the indictment.  Specifically, the court found that because the March 14, 2018 complaint did not seek a SYO

specification, the State had failed to comply with R.C. 2152.13(A)(4) and file a written notice of intent to seek a SYO dispositional sentence before filing a new complaint. This appeal follows.

{¶ 7} The State raises the following assignment of error for review.

Assignment of Error

The Trial Court erred in dismissing an indictment of E.S. as a serious youthful offender.

{¶ 8} We review a trial court's decision on a motion to dismiss an indictment under a de novo standard of review. *State v. Knox*, 8th Dist. Cuyahoga Nos. 103662 and 103664, 2016-Ohio-5519, ¶ 12, citing *State v. Gaines*, 193 Ohio App.3d 260, 2011-Ohio-1475, 951 N.E.2d 814 (12th Dist.). "De novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. McCullough*, 8th Dist. Cuyahoga No. 105959, 2018-Ohio-1967.

{¶ 9} The State argues that filing a written notice of intent to seek a SYO disposition is unnecessary when they indict a juvenile with a SYO disposition within twenty days of the amenability hearing. Our precedent and the language of R.C. 2152.13 makes clear that this process is insufficient and inconsistent with the law.

{¶ 10} R.C. 2152.13 provides in relevant part:

(A) * * * [A] juvenile court may impose a serious youthful offender dispositional sentence on a child only if the prosecuting attorney of the county in which the delinquent act allegedly occurred initiates the process against the child in accordance with this division, and the child is an alleged delinquent child who is eligible for the dispositional

sentence. The prosecuting attorney may initiate the process in any of the following ways:

> (1) Obtaining an indictment of the child as a serious youthful offender;

> (2) The child waives the right to indictment, charging the child in a bill of information as a serious youthful offender;

> (3) Until an indictment or information is obtained, requesting a serious youthful offender dispositional sentence in the original complaint alleging that the child is a delinquent child;

> (4) Until an indictment or information is obtained, if the original complaint does not request a serious youthful offender dispositional sentence, filing with the juvenile court a written notice of intent to seek a serious youthful offender dispositional sentence within twenty days after the later of the following, unless the time is extended by the juvenile court for good cause shown:

>> (a) The date of the child's first juvenile court hearing regarding the complaint;

>> (b) The date the juvenile court determines not to transfer the case under section 2152.12 of the Revised Code.

After a written notice is filed under division (A)(4) of this section, the juvenile court shall serve a copy of the notice on the child and advise the child of the prosecuting attorney's intent to seek a serious youthful offender dispositional sentence in the case.

{¶ 11} While the particular question in this case is novel, we have ruled on similar questions before. *In re T.S.*, 8th Dist. Cuyahoga No. 106825, 2018-Ohio-3680; *In re K.A.*, 8th Dist. Cuyahoga No. 107080, 2018-Ohio-4599; *In re R.G.*, 8th Dist. Cuyahoga No. 107081, 2018-Ohio-4517.

{¶ 12} Procedurally, each of those three prior cases followed a similar pattern. The complaint filed in juvenile court did not contain SYO specifications;

the State declined to file a written notice of intent within twenty days of the amenability hearing; a subsequent grand jury indictment did contain SYO specifications; and, thereafter, the juvenile court dismissed the indictment because the State failed to file a notice of intent to seek a SYO disposition within the 20-day period pursuant to R.C. 2152.13(A)(4). The State argued previously, as they again do now, that they can obtain an indictment of a juvenile as a SYO at any time, despite the existence of a pending complaint and without complying with the time or notice requirements of R.C. 2152.13(A)(4). In each case we disagreed.

{¶ 13} As we stated in *T.S.*:

The state's argument is centered on the words "[u]ntil an indictment * * * is obtained" which it takes to mean that the return of an indictment under division (A)(1), at any point in time, operates to trump all other provisions of the statute.

* * * Both parties are ignoring the relevant language in R.C. 2152.13(C)(1) which provides: A child for whom a serious youthful offender dispositional sentence is sought by a prosecuting attorney has the right to a grand jury determination of probable cause that the child committed the act charged and that the child is eligible by age for a serious youthful offender dispositional sentence. The grand jury may be impaneled by the court of common pleas or the juvenile court.

Read in conjunction with this division the meaning of the phrase "[u]ntil an indictment * * * is obtained" is clear. Under either section (A)(3) or (A)(4) the state may provide notice to the alleged delinquent child of its intent to pursue a SYO disposition. However, the child is entitled to a grand jury determination of probable cause pursuant to division (C)(1). This is the indictment referenced by the language in question in divisions (A)(3) and (A)(4).

Within this context, it is clear, under R.C. 2152.13(A)(4), that the state must provide notice to the alleged delinquent child of its intent to pursue an indictment of the child as a serious youthful offender within 20 days of the juvenile court's determination to deny transfer. To hold

otherwise would render divisions (A)(3), (A)(4) and (B) of R.C. 2152.13 superfluous.

{¶ 14} The State cites to *In re J.B.*, 12th Dist. Butler No. CA2004-09-226, 2005-Ohio-7029, which held that nothing in R.C. 2152.13 prohibits a prosecutor from initiating SYO proceedings via indictment when a complaint has previously been filed. In light of our precedent, we are not persuaded by *J.B.*, because it failed to address the relevant language in R.C. 2152.13(B) and (C)(1) as applied to the disputed terminology in division (A)(4). *In re R.G.* at ¶ 13.

{¶ 15} Of course, this case differs from our previous decisions because the State secured a subsequent indictment within the 20-day limitation period for filing a written notice of intent. As a result, the State argues that E.S. received notice of the SYO specifications in a timely manner and that the end result of some form of notice justifies a method inconsistent with the statute. We again disagree.

{¶ 16} It is certainly true that "the point of both [R.C. 2152.13](A)(3) and (A)(4) is to provide notice to the child that the state intends to seek a SYO disposition." *T.S.*, 2018-Ohio-3680 at ¶ 20. However, notice is not an end in and of itself. When an initial complaint is filed without SYO specifications, the State's filing a written notice of intent acts not only as notice, but as a means of triggering a procedural process required by statute.

{¶ 17} When a SYO disposition is sought for a juvenile, that juvenile has the right to "an open and speedy trial by jury in juvenile court and to be provided with a

transcript of the proceedings." R.C. 2152.13(C)(1). The time the State has to commence the trial is determined by whichever of the following dates is applicable:

> (a) If the child is indicted or charged by information, on the date of the filing of the indictment or information.
> (b) If the child is charged by an original complaint that requests a serious youthful offender dispositional sentence, on the date of the filing of the complaint.
> (c) If the child is not charged by an original complaint that requests a serious youthful offender dispositional sentence, on the date that the prosecuting attorney files the written notice of intent to seek a serious youthful offender dispositional sentence.

R.C. 2152.13(C)(1)

{¶ 18} In this instance, the State filed an original complaint without an SYO specification; when determining the speedy trial rights of a juvenile there is only a single provision that refers to that scenario — R.C. 2152.13(C)(1)(c). The State cannot point to any language within R.C. 2152.13(C)(1) that accounts for a second indictment being sought without first filing a written notice of intent.

{¶ 19} R.C. 2152.13(C)(1)(c) is clear; when a juvenile is not charged in the original complaint with SYO specifications, as we have here, the speedy trial clock can *only* be triggered by the filing of a written notice of intent.

{¶ 20} The core of the State's argument is that their second indictment, filed only 11 days after the amenability hearing, provides notice and that notice, rather than process, is really the underlying purpose of R.C. 2152.13. The ends do not justify the means when it comes to statutory interpretation, however. The State's argument would nullify R.C. 2152.13(C)(1), and R.C. 2152.13(C)(1)(c) would be made superfluous. Further, as we noted in *In re T.S.*, there would then be a loophole

whereby the State could ignore the speedy trial rights mandated by R.C. 2152.13(C)(1). That clearly is not what the legislature intended.

{¶ 21} The language of the statute is clear: when a SYO dispositional sentence is not sought in the original complaint, a written notice of intent is required to trigger the juvenile's speedy trial right. To hold otherwise would strip R.C. 2152.13(C)(1) of its meaning and purpose.

{¶ 22} For the foregoing reasons, we affirm the decision of the trial court in dismissing the indictment.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

EILEEN T. GALLAGHER, A.J., and
SEAN C. GALLAGHER, J., CONCUR