[Cite as *In re J.P.*, 2022-Ohio-539.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: J.P.     :     APPEAL NO. C-210388
                      TRIAL NO. 21-1175
                :

                :     *O P I N I O N.*

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  February 25, 2022

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Mary Stier,* Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller,* Hamilton County Public Defender, *Andrew Hakala-Finch,* Assistant Public Defender, and *Jessica Moss*, Assistant Public Defender, for Defendant-Appellee.

**ZAYAS, Presiding Judge.**

{¶1}    The state of Ohio appeals the juvenile court's judgment dismissing an indictment alleging that J.P. was a serious youthful offender ("SYO"). For the reasons discussed below, we affirm the judgment of the trial court.

## Factual Background

{¶2}    On April 20, 2021, a complaint was filed against 13-year-old J.P. for murder, a felony of the first or second degree if committed by an adult. The complaint did not request an SYO dispositional sentence, and the state did not file a notice of intent to seek an SYO dispositional sentence within 20 days of J.P.'s first hearing.

{¶3}    During a pretrial hearing on June 2, 2021, the state indicated that it would be seeking an SYO indictment, and eight days later, the grand jury returned an SYO indictment. J.P. moved to dismiss the indictment, arguing that the state did not meet the notice or timing requirement under R.C. 2152.13(A)(4) to seek an SYO dispositional sentence. The state argued that, under R.C. 2152.13(A)(1), it may obtain an SYO indictment at any time, and therefore, the requirements of R.C. 2152.13(A)(4) were inapplicable.

{¶4}    The juvenile court granted the motion, finding that because the initial complaint did not seek an SYO specification, the state was required to comply with the 20-day written notice requirement set forth in R.C. 2152.13(A)(4). The juvenile court dismissed the indictment reasoning that the state failed to comply with any of the statutory processes set forth in R.C. 2152.13(A)(1)-(4) to seek an SYO dispositional sentence. The state appealed.

{¶5}     We ordered supplemental briefing and asked the parties to address: (1) whether a state's appeal of right under R.C. 2945.67 from an order dismissing all or part of an indictment, requires the order to comply with the R.C. 2505.02 requirements to be final and (2) whether the order was immediately appealable as a provisional remedy under R.C. 2505.02(B)(4).

Final Appealable Order

{¶6}     The Ohio Constitution grants the courts of appeals "such jurisdiction as may be provided by law" to review "final orders" rendered by inferior courts. Ohio Constitution, Article IV, Section 3(B)(2).  "R.C. 2505.02 helps fill in the 'provided by law' part of that jurisdictional grant by setting forth a definition of what constitutes a final order." *State v. Glenn*, Slip Opinion No. 2021-Ohio-3369, ¶ 9.  Under R.C. 2505.02(B)(4), an appellate court has jurisdiction to review, affirm, modify, or reverse an "order that grants or denies a provisional remedy" when both of the following circumstances are satisfied:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶7}     R.C. 2945.67(A), which outlines the circumstances under which the state may prosecute an appeal in a delinquency matter, states: "A prosecuting attorney * * * may appeal as a matter of right * * * any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an

indictment, complaint, or information * * *." Thus, the state has the right to appeal the order dismissing the SYO indictment.

{¶8} "Whether a state's appeal as a matter of right must also be taken from an order that is final and appealable has not been consistently answered in Ohio." *In re D.M.S.*, 2d Dist. Montgomery No. 28783, 2020-Ohio-7028, ¶ 13, citing Painter & Pollis, *Ohio Appellate Practice*, Section 2:25 (2019) ("The extent to which the State must establish that the order on appeal is final under R.C. 2505.02, in addition to meeting the requirements for an appeal as a matter of right under R.C. 2945.67(A), has been the subject of some confusion in the courts."). As the Second District Court of Appeals articulated, "the law in Ohio appears unsettled as to whether an order that the State may appeal as a matter of right under R.C. 2945.67(A) must also separately meet the definition of a final appealable order in R.C. 2505.02(B)." *Id.* at ¶ 16. However, the Second District declined to resolve that "interesting jurisdictional quandary" because it determined that the order was a final order as defined by R.C. 2505.02(B)(4). *Id.* We too decline to address the issue because we find that the order dismissing the SYO indictment is a final order under R.C. 2505.02(B)(4).

{¶9} We agree with the parties that the dismissal of an SYO indictment is a proceeding that is ancillary to the action because the underlying action is the juvenile adjudication, and the dismissal of the SYO indictment determined the action with respect to the provisional remedy and prevented a judgment in the state's favor. Therefore, we must determine whether the state would be afforded a meaningful or effective remedy by an appeal following final judgment in the case.

{¶10} Serious youthful offenders are both entitled and subject to a blend of juvenile and adult court processes and procedures. Once a child is indicted, "the

child is entitled to an open and speedy trial by jury in juvenile court" and "the same right to bail as an adult." R.C. 2152.13(C)(1). Additionally, "all provisions of Title XXIX of the Revised Code and the Criminal Rules shall apply in the case and to the child."

{¶11} Juveniles subject to delinquency proceedings are also protected from double jeopardy by both the federal and state constitutions. *See In re A.G.*, 148 Ohio St.3d 118, 2016-Ohio-3306, 69 N.E.3d 646, ¶ 9. The Double Jeopardy Clause protects against "a second prosecution for the same offense after conviction." *Id.* at ¶ 8. "Noting that there 'is little to distinguish' an adjudicatory hearing in a juvenile-delinquency case from a traditional criminal prosecution, the Supreme Court of the United States has held that jeopardy attaches during adjudicatory hearings." *Id.* at ¶ 9, citing *Breed v. Jones*, 421 U.S. 519, 530-531, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). "In *Breed*, the court determined that jeopardy attaches in a delinquency proceeding when the juvenile court begins to hear evidence as the trier of fact." (Citations omitted.) *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E. 2d 629, ¶ 27.

{¶12} Relying on *Breed*, the Ohio Supreme Court held, in *In re A.J.S.*, that a juvenile court order denying a motion for mandatory transfer prevents the state from obtaining a meaningful or effective remedy by way of appeal at the conclusion of the proceedings because "double jeopardy attaches once the adjudicatory phase of the delinquency proceedings commences." *Id.* at ¶ 28. "Thus, a juvenile court's decision denying a motion for mandatory bindover satisfies the test for determining whether the denial of a provisional remedy constitutes a final appealable order as set forth in R.C. 2505.02(B)(4)." *Id.*

5

{**¶13**} That rationale applies here. The juvenile court's order dismissing the SYO indictment prevents the state from a meaningful remedy by an appeal following an adjudication and disposition. *See id.* Therefore, the order is a final appealable order as set forth in R.C. 2505.02(B)(4).

## Standard of Review

{**¶14**} In its sole assignment of error, the state contends that the juvenile court erred in dismissing the indictment because it obtained the SYO indictment pursuant to R.C. 2152.13(A)(1), rendering the notice requirements of R.C. 2152.13(A)(4) inapplicable.

{**¶15**} An appellate court reviews a juvenile court's decision on a motion to dismiss an indictment under a de novo standard of review. *See In re J.B.*, 12th Dist. Butler No. CA2004-09-226, 2005-Ohio-7029, ¶ 15. "De novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *In re E.S.*, 2020-Ohio-1029, 152 N.E.3d 1213, ¶ 8 (8th Dist.).

## Statutory Process to Obtain an SYO Indictment

{**¶16**} In order to impose an SYO dispositional sentence, a prosecuting attorney must comply with R.C. 2152.13(A) to initiate the process. R.C. 2152.13(A). Under R.C. 2152.13(A), a prosecutor may initiate the process in one of four ways:

(1) Obtaining an indictment of the child as a serious youthful offender;

(2) The child waives the right to indictment, charging the child in a bill of information as a serious youthful offender;

(3) Until an indictment or information is obtained, requesting a serious youthful offender dispositional sentence in the original complaint alleging that the child is a delinquent child;

(4) Until an indictment or information is obtained, if the original complaint does not request a serious youthful offender dispositional sentence, filing with the juvenile court a written notice of intent to seek a serious youthful offender dispositional sentence within twenty days after the later of the following, unless the time is extended by the juvenile court for good cause shown:

(a) The date of the child's first juvenile court hearing regarding the complaint;

(b) The date the juvenile court determines not to transfer the case under section 2152.12 of the Revised Code.

{¶17} The following facts are not in dispute: (1) the initial complaint did not seek an SYO disposition; (2) J.P.'s first court appearance occurred on April 21, 2021; (3) the state did not file a written notice of intent to seek an SYO dispositional sentence within 20 days of J.P.'s initial court hearing; and (4) the indictment charging J.P. as a serious youthful offender was obtained outside the 20-day window for notice.

{¶18} The state argues that the prosecutor may obtain an indictment of a juvenile as an SYO at any time under R.C. 2152.13(A)(1) without complying with the 20-day notice and time requirements set forth in R.C. 2152.13(A)(4). In support of this argument, the state cites to *In re J.B.*, 12th Dist. Butler No. CA2004-09-226, 2005-Ohio-7029, a case with identical facts, which held that when the state exercises its discretion to seek an indictment under R.C. 2152.13(A)(1), the notice and time constraints contained in R.C. 2152.13(A)(4) are inapplicable. *Id.* at ¶ 27. In reaching

this conclusion, the Twelfth District Court of Appeals determined that "nothing in R.C. 2152.021 or R.C. 2152.13 prohibits a prosecutor from initiating serious youthful offender proceedings via an indictment when a complaint has previously been filed." *Id.*

{¶19} The state acknowledges that the Eighth District Court of Appeals rejected the Twelfth District's analysis and concluded that "because the state filed a complaint in the juvenile court prior to obtaining an indictment, the state was required to initiate SYO proceedings in accordance with R.C. 2152.13(A)(3) and (4)." *In re K.A.*, 2018-Ohio-4599, 125 N.E.3d 212, ¶ 17 (8th Dist.). The court determined that any other determination would allow the state "to 'initiate' the process under (A)(4) and then yet again 'initiate' the process under (A)(1), (2), or (3), if (A)(4) failed in any regard" and "render divisions (A)(3), (A)(4) and (B) of R.C. 2152.13 superfluous." *Id.* at ¶ 15, 17.

{¶20} The Eighth District noted that the *J.B.* court relied solely on the language contained in R.C. 2152.13(A) without considering R.C. 2152.13(C)(1). *See In re D.S.*, 8th Dist. Cuyahoga No. 97757, 2012-Ohio-2213, ¶ 15; *In re T.S.*, 2018-Ohio-3680, 108 N.E.3d 1287, ¶ 12 (8th Dist.); *In re R.G.*, 8th Dist. Cuyahoga No. 107081, 2018-Ohio-4517, ¶ 13; *In re E.S.*, 2020-Ohio-1029, 152 N.E.3d 1213, ¶ 14 (8th Dist.). R.C. 2152.13(C)(1) grants serious youthful offenders the right to a speedy trial which begins on whichever of the following dates is applicable:

(a) If the child is indicted or charged by information, on the date of the filing of the indictment or information.

(b) If the child is charged by an original complaint that requests a serious youthful offender dispositional sentence, on the date of the

filing of the complaint.

(c) If the child is not charged by an original complaint that requests a serious youthful offender dispositional sentence, on the date that the prosecuting attorney files the written notice of intent to seek a serious youthful offender dispositional sentence.

{¶21} When the state does not request an SYO dispositional sentence in the original complaint, speedy-trial time does not begin until the prosecutor files the written notice of intent. As the Eighth District explained:

In other words, when the state brings a complaint that does not initially include a SYO specification but instead later provides notice of its intent to seek an SYO disposition pursuant to R.C. 2152.13(A)(4), the child's speedy trial right attaches at the date the written notice is provided rather than the date that the prosecutor subsequently obtains an indictment. The state's proposed interpretation of the statute, whereby it would not be bound by the notice requirements of R.C. 2152.13(A)(4), would contradict the plain terminology of R.C. 2152.13(C)(1)(c) and create a loophole for circumventing the speedy trial right set forth therein.

*In re T.S.* at ¶ 11; *In re R.G.* at ¶ 12, quoting *In re T.S.* at ¶ 11.

{¶22} This interpretation is supported by R.C. 2152.021(A) which sets forth the following four procedures when the state wishes to seek an SYO dispositional sentence:

the prosecuting attorney of the county in which the alleged delinquency occurs may initiate a case in the juvenile court of the

9

county by presenting the case to a grand jury for indictment, by charging the child in a bill of information as a serious youthful offender pursuant to section 2152.13 of the Revised Code, by requesting a serious youthful offender dispositional sentence in the original complaint alleging that the child is a delinquent child, or by filing with the juvenile court a written notice of intent to seek a serious youthful offender dispositional sentence.

These four options mirror the four options set forth in R.C. 2152.13(A) to initiate a case when the prosecutor seeks to obtain an SYO dispositional sentence.

{¶23} Here, the state did not initiate the case by presenting an indictment or a bill of information or by filing an original complaint that requested an SYO dispositional sentence. This case was initiated when the state filed an original complaint that did not request an SYO dispositional sentence. Therefore, to initiate the process to obtain an SYO dispositional sentence, the state was required to file a written notice of intent within 20 days of J.P.'s initial appearance to seek an SYO dispositional sentence under both R.C. 2152.021(A) and 2152.13(A)(4).

{¶24} Moreover, the rules of juvenile procedure further support the conclusion that the state must provide a timely notice of intent to seek an SYO dispositional sentence when the original complaint does not request it. Juv.R. 22(E) requires that a motion to determine a child's eligibility for an SYO disposition, which constitutes a notice of intent to pursue an SYO disposition, be filed by 20 days after the child's initial appearance.

{¶25} Juv.R. 29(A) requires the adjudicatory hearing to be scheduled within 15 days if the complaint does not request an SYO dispositional sentence. The

adjudicatory hearing may be continued if the prosecutor files "either a notice of intent to pursue or a statement of an interest in pursuing a serious youthful offender sentence." Juv.R. 29(A). The 2001 staff notes to Juv.R. 29(A) explain that the rule was amended to conform to R.C. 2152.13, which provides that "the prosecuting attorney has twenty days after a child's initial appearance in juvenile court within which to file a notice of intent to pursue a serious youthful offender dispositional sentence." The amended rule "grants [the state] a twenty-day time period for making the charging decision."

{¶26} Thus, the juvenile rules recognize that the state has 20 days to file a notice of intent to pursue an SYO disposition when the original complaint did not seek an SYO disposition.

{¶27} In this case, the state did not request an SYO dispositional sentence in the complaint, or file a timely notice of its intent to do so as required by R.C. 2152.13(A)(4). Therefore, the juvenile court did not err in dismissing the indictment, and we overrule the state's sole assignment of error.

### *Conclusion*

{¶28} Finding the state's assignment of error to be without merit, we affirm the judgment of the juvenile court.

Judgment affirmed.

**CROUSE** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.